**William GILMORE and Edwina Gilmore, d/b/a Union Bi-Rite, Plaintiffs,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, Defendant.**

No. 77–1062C(2).

United States District Court, E. D. Missouri, E. D.

Feb. 22, 1979.

Daniel G. Tobben, Whalen, O'Connor, Danis & Tobben, St. Louis, Mo., for plaintiffs.

Wesley D. Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM

WANGELIN, District Judge.

█ Plaintiffs having brought this action pursuant to 7 U.S.C. § 2022 seek judicial review of the United States Department of Agriculture determination that disqualified them from participating in the Food Stamp Program for one (1) year. As provided in 7 U.S.C. § 2022(c) plaintiffs are entitled to a trial de novo after exhausting their administrative remedies. The burden of proof rests with the plaintiffs to show by a preponderance of the evidence that the administrative action was invalid.

After a one-day bench trial on August 28, 1978 and an extensive re-examination of the record, the Court makes the following findings of fact and conclusions of law.

### Findings of Fact

1. Plaintiffs are individuals engaged in the grocery business doing business as Union Bi-Rite at 1916 North Union, St. Louis, Missouri, which is a predominately black neighborhood.

2. At all times pertinent to this lawsuit, plaintiffs operated the Union Bi-Rite store as a retail food store in the City of St. Louis and were qualified as retail participants under the Federal Food Stamp Act to accept and redeem coupons under the Food Stamp Program, 7 U.S.C. § 2011 et seq.

3. Defendant United States Department of Agriculture, through the Food and Nutrition Service, Department of Agriculture, administers the Food Stamp Program established by the Food Stamp Act.

4. Stanley Massett, a compliance specialist with the United States Department of Agriculture Food Stamp Program, conducted an investigation of plaintiffs' grocery store commencing on or about January 26, 1977 through February 1, 1977, in an effort to determine if plaintiffs were in compli-

ance with the Food Stamp Program regulations, 7 C.F.R. Part 272 (1976).

5. As a result of Massett's uncover investigation and subsequent reports the Department of Agriculture disqualified plaintiffs from participating in the Food Stamp Program for a period of one year commencing on September 16, 1977 because of plaintiffs' alleged acceptance of food stamps for ineligible * goods on five (5) occasions and dispensed thirty nine cents ($.39) in cash as change during one of those transactions in violation of 7 C.F.R. § 270.2(b)(e) (1976).

6. Plaintiffs exhausted their administrative remedies before the timely institution of this action for judicial review.

7. The Court credits the testimony of plaintiffs' witnesses including the plaintiffs Mr. William Gilmore and Mrs. Edwina Gilmore and William Gilmore's son, Mr. Lawrence Gilmore. William and Lawrence Gilmore testified that at no time during January 25 through February 1, 1977 did they operate the grocery store's cash register or make sales to Massett. Lawrence Gilmore never saw Massett before the trial and William Gilmore saw him in the store once. Edwina Gilmore testified that while she made sales to Massett on several occasions not once did she accept food stamps from him in exchange for ineligible goods or ever give Massett change in a food stamp transaction. The Court finds the testimony of William Gilmore, Lawrence Gilmore and Edwina Gilmore to be credible and finds that none of the aforesaid individuals sold ineligible items to Stanley Massett between January 25 and February 1, 1977.

8. The government's defense rests entirely upon the statements and testimony of Massett and several serious questions remain as to the reliability of that testimony. His investigation of plaintiffs was his first and was part of an unsupervised on-the-job training. He was investigating five (5) food stores in the St. Louis area at the time and making repeated visits to each one.

---

* Ineligible goods are those purchases other than "eligible foods" as defined in 7 C.F.R. § 270.2(s) and 7 U.S.C. § 2012(g). Ineligible goods allegedly sold for food stamps included beer, whiskey, sanitary napkins, soap and plastic bags.

Massett admitted his confusion about the dates on which he made purchases at the store. Massett's dates do not correspond with the dates on the receipts from the store's cash register for three (3) of the five (5) transactions in which he purportedly was a party. Additionally, Massett testified that the whiskey he allegedly purchased with food stamps on January 28, 1977 was rung upon an adding machine by Edwina Gilmore. In rebuttal, Mrs. Gilmore produced a tape from the adding machine that she used in January and February of 1977 which was materially different from that tape introduced by the government as evidence of the January 28th sale.

 Massett who made identifications of William and Lawrence Gilmore only after completion of his investigation and then only through a conversation with Edwina Gilmore described Lawrence as a black male, 18 to 19 years old, 5 feet 10 inches tall, and one hundred and sixty (160) pounds. On direct testimony, Lawrence Gilmore stated he was 24 years old, 5 feet 6 inches tall, and weighed one hundred and thirty (130) pounds on February 1, 1977. The Court considers Massett's testimony somewhat incredible as well as unreliable in that he, a white male with a southern accent, unfamiliar with St. Louis, in a predominately black neighborhood was able to purchase ineligible food with food stamps, whereas the two black women whom he employed for that very purpose were unsuccessful in inducing Mrs. Gilmore to sell them ineligible food with food stamps.

9. Review of the evidence makes it apparent to this Court that the determination of the Food and Nutrition Service of the United States Department of Agriculture to disqualify plaintiffs from participation in the Food Stamp Program for violations of the Food Stamp Act was not based upon substantial evidence of violations of the Food Stamp Act and its implementing regulations.

### Conclusions of Law

This Court has jurisdiction over the parties and jurisdiction over the subject matter pursuant to 7 U.S.C. § 2022(c).

The testimony of the government's sole alleged witness to the transactions is unreliable, incredible and not worthy of belief. The Court determines that by the preponderance of evidence William Gilmore, Edwina Gilmore and Lawrence Gilmore did not sell ineligible foods as alleged and thus there is no basis for the one year disqualification imposed by the defendant.